# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH CASTELLANO,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, DAVID TUELLER, and SCOTT ELKINS,<br><br>Defendants. | REPORT AND RECOMMENDATION TO DENY MR. CASTELLANO'S MOTION FOR DEFAULT JUDGMENT (ECF No. 10)<br><br>Case No. 2:16-cv-01205-JNP-EJF<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Evelyn J. Furse |

On November 29, 2016, pro se Plaintiff Joseph Castellano filed a Complaint against Brigham Young University (BYU), David Tueller, and Scott Elkins for employment discrimination, bringing claims under the Americans with Disabilities Act (ADA) and the Utah Antidiscrimination Act (UADA). (Compl., ECF No. 3.) On January 30, 2017, Defendants BYU and David Tueller (collectively, the BYU Defendants) moved the Court to dismiss Mr. Castellano's claims. (Mot. to Dismiss (Mot.) 1, ECF No. 7.) Mr. Castellano then filed a Motion for Default Judgment on February 21, 2017. (Mot. to Grant J. by Default ("Mot. for Default"), ECF No. 10.) Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS the Court deny Mr. Castellano's Motion for Default.

In his Motion for Default, Mr. Castellano argues he served each Defendant, triggering an obligation for each Defendant to serve its response within twenty-one days. (See Mot. for Default 2, ECF No. 10.) According to Mr. Castellano, he needed responses in his possession within twenty-one days– by "end of business, January 31,

---

[1] District Judge Jill Parrish referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 4 & 6.)

1

2017." (Id.) Mr. Castellano received BYU and Mr. Tueller's Motion to Dismiss on February 2, 2017 and seeks default judgment as a result.

In opposition, the BYU Defendants correctly argue that under Federal Rule of Civil Procedure 5(b)(2)(C) a defendant may serve a responsive paper through the mail, in which case "service is complete upon mailing." (Mem. in Opp'n to Mot. to Grant J. by Default 3, ECF No. 12 (quoting Fed. R. Civ. P. 5(b)(2)(C)).) BYU and David Tueller received service of Mr. Castellano's Complaint on January 9, 2017. (See Summons Returned Executed, ECF No. 8.) "A defendant must serve an answer … within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). However, if a party files a motion under Rule 12 before the answer comes due, the time to file an answer changes to fourteen days after the court rules on the motion. Fed. R. Civ. P. 12(a)(4). Therefore, BYU and Mr. Tueller had to serve their answer or a motion to dismiss on or before January 30, 2017. The BYU Defendants' Motion to Dismiss includes a Certificate of Service that indicates their counsel mailed the Motion to Mr. Castellano on January 30, 2017. (Mot. to Dismiss 12, ECF No. 7.)

Because Federal Rules of Civil Procedure 5(a)(1) and (b)(2)(C) make service of papers on parties after the initial complaint complete upon mailing, the BYU Defendants timely served Mr. Castellano with a Motion to Dismiss his Complaint. The BYU Defendants mailed Mr. Castellano a Motion to Dismiss on January 30, 2017, and Mr. Castellano received the Motion later that week. The BYU Defendants completed service upon mailing the Motion; therefore they completed service within the twenty-one day period mandated by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Therefore, the

undersigned RECOMMENDS the Court deny Mr. Castellano's Motion for Default as to BYU and Mr. Tueller.

The undersigned further finds Mr. Castellano has yet to serve Scott Elkins properly. Although Mr. Castellano returned an executed summons to the Court, Mr. Elkins never signed any document indicating receipt. (ECF No. 8.) Instead, Mr. Tueller signed the receipt. (Id. at 6.) Without evidence that Mr. Tueller had permission to act as "an agent authorized by appointment or by law to receive service of process" for Mr. Elkins, the undersigned can only find Mr. Elkins has not received service. See Fed. R. Civ. P. 4(e); Utah R. Civ. P. 4(d)(2)(A) (allowing service by certified mail "provided the defendant signs a document indicating receipt."). A court cannot enter a default order against a defendant before the plaintiff properly serves that defendant. Commodities Future Trading Comm'n v. Wall St. Underground, Inc., 221 F.R.D. 554, 558 (D. Kan. 2004); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997) ("[J]udgment by default should not be entered without a determination that the court has jurisdiction over the defendant."). Therefore, the undersigned also RECOMMENDS the Court deny Mr. Castellano's Motion for Default against Mr. Elkins.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 3d day of August 2017.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge