IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH CASTELLANO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, SCOTT ELKINS, Managing Director of HR, and DAVID TUELLER,<br><br>　　　　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO DISMISS AMENDED CLAIMS AGAINST DEFENDANTS BRIGHAM YOUNG UNIVERSITY, DAVID TUELLER, AND SCOTT ELKINS (ECF No. 29)**<br><br>Case No. 2:16-cv-01205-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

　　Defendants Brigham Young University (BYU) and David Tueller move the Court[1] to dismiss pro se Plaintiff Joseph Castellano's Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). (Mot. to Dismiss Am. Compl. ("Mot."), ECF No. 29.) BYU and Mr. Tueller argue the ADA and UADA claims against Mr. Tueller and Mr. Elkins fail because they do not qualify as "employers." (Mot. 1, ECF No. 29.) They also assert that the UADA claim against BYU fails because BYU does not constitute an "employer" under the UADA. (Id. at 2.) Lastly, BYU and Mr. Tueller contend that Mr. Castellano's disability discrimination claim fails to state a claim for disability discrimination. (Id. at 1.) Having reviewed the parties' briefings, the undersigned RECOMMENDS dismissing the discrimination claims against BYU, Mr. Tueller, and Mr.

---

[1] On December 8, 2016, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4 & 6.)

Elkins with prejudice. The Amended Complaint's claims under the UADA fail because the Act does not apply to religious educational institutions. The Amended Complaint also fails to state an ADA discrimination claim against BYU because Mr. Castellano only requested an accommodation and retroactive leniency over three months after his termination. Therefore, the undersigned RECOMMENDS dismissing the discrimination claim against BYU with prejudice. Mr. Castellano asserts no claims that either the UADA or the ADA authorizes against Mr. Tueller or Mr. Elkins. Therefore, the undersigned RECOMMENDS dismissing Mr. Tueller and Mr. Elkins.

## FACTUAL AND PROCEDURAL HISTORY

On November 29, 2016, Mr. Castellano filed his Complaint asserting violations of the ADA and UADA. (Compl. 4, ECF No. 3.) On January 30, 2017, the BYU Defendants moved to dismiss Ms. Castellano Complaint for failure to state a claim upon which this Court can grant relief. (Mot. to Dismiss, ECF No. 7.) The District Judge dismissed Mr. Castellano's Complaint without prejudice for failure to state a claim and granted him thirty days from the issuance of the Court's Order to amend his Complaint. (Order Adopting R&R 2, ECF No. 18.) On December 29, 2017, Mr. Castellano filed the Amended Complaint at issue. (Am. Compl., ECF No. 26.)

The Court takes "as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Mr. Castellano began working as a chef at BYU around September 2011. (Am. Compl. 2, ECF No. 26.) In July 2014, Mr. Castellano met with Mr. Tueller and another

BYU representative who informed him that "they were firing [him] because he did not answer [a] question accurately on the job application that he completed in 2011." (Id.) Mr. Castellano alleges he misinterpreted the question on the application as a result of his learning disability. (Id. at 3.) Mr. Castellano alleges BYU knew he had a learning disability and fired him "because of his learning disability." (Id.) In October 2014, Mr. Castellano seems to have requested BYU reconsider his termination in light of his disability. (Id. at 2.)

## LEGAL STANDARD

Mr. Castellano proceeds pro se. The Court construes pro se pleadings liberally and holds them to a "less stringent standard." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)). However, the Court cannot act as an advocate for a pro se litigant, who must comply with the fundamental requirements of the Rules. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840). A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110.)

## DISCUSSION

Mr. Castellano argues that he never asserted claims "under the ADA Act or the Utah Anti-Discrimination Act." (Mot. to Dismiss Dismissal ("Opp'n") 1, ECF No. 30.)

Later filings suggest Mr. Castellano thinks he is bringing claims under Rules 8 and 10. (Reply Mem. in Supp. of Mot. to Dismiss Am. Compl. 1, ECF No. 32.)  The Federal Rules of Civil Procedure do not provide a cause of action.  Rather, they state the procedures a party must follow to pursue a cause of action provided by statute or common law in federal court.

Mr. Castellano contends that he believes BYU fired him because of his learning disability.  (Opp'n 1, ECF No. 30.)  Mr. Castellano's assertion that the BYU Defendants fired him because of his learning disability directly implicates both the ADA and UADA. Title I of the ADA prohibits certain employers from discriminating against "a qualified individual on the basis of disability in regard to job application procedures."  42 U.S.C. § 12112.  Therefore, Mr. Castellano alleges the BYU Defendants violated the ADA because they fired him as a result of his disability.  The same holds true for the UADA. The UADA prohibits particular employers from discharging an employee "otherwise qualified" because of his or her disability.  Utah Code Ann. § 34A-5-106(1)(a)(i)(H). Thus, Mr. Castellano alleges the BYU Defendants violated the UADA because they allegedly discharged him because of his learning disability.

### A. The UADA Excludes BYU from the Definition of "Employer"

The UADA prohibits particular discriminatory employment practices by employers.  Utah Code Ann. § 34A-5-106(1)(a)(i).  Mr. Castellano alleges BYU fired him because of his disability.  The UADA prohibits discharging an employee based upon his or her disability.  Utah Code Ann. § 34A-5-106(1)(a)(i)(H).  However, the UADA expressly exempts "religious educational institution[s]" from the definition of employer. Utah Code Ann. § 34A-5-102(1)(h)(ii)(A).  While Mr. Castellano's Amended Complaint

4

does not allege BYU has any religious affiliations, the undersigned takes judicial note of the fact that the Church of Jesus Christ of Latter-day Saints "founded, support[s], and guide[s]" BYU. See Mission & Aims of BYU, http://aims.byu.edu/, last visited Aug. 16, 2018 (acknowledging relationship). In considering whether BYU qualifies as "a religious educational institution," the undersigned considers the language of the definition of what an "'Employer'" does not include." Utah Code Ann. § 34A-5-102(1)(h)(ii). That definition sweeps broadly to exclude all types of employers connected with a religious institution. Therefore, the undersigned concludes BYU falls within that exclusion. Hence, the undersigned RECOMMENDS dismissing Mr. Castellano's UADA claims against BYU with prejudice because amendment would prove futile. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.")

### B. Neither the ADA nor the UADA Authorize Individual Capacity Suits

Mr. Castellano names David Tueller and Scott Elkins as Defendants in his Amended Complaint but again does not explain their relationship to BYU or himself beyond stating in other memoranda that Mr. Tueller "is the representative from Brigham Young University, who stated that The Plaintiff's answer was incorrect." (Opp'n 1, ECF No. 30.)

"[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999) (dismissing individual defendants from ADA

claims). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111.

The ADA does not allow for the individual liability of Mr. Tueller or Mr. Elkins predicated on their roles as employees at BYU. See Sauers v. Salt Lake Cty., 1 F.3d 1122, 1125 (10th Cir. 1993) (finding individual capacity suits "inappropriate" under Title VII); Butler, 172 F.3d at 744 (finding "no meaningful distinction between the definitions of 'employer' in Title VII and the ADA"). If by naming Mr. Tueller and Mr. Elkins in his Amended Complaint, Mr. Castellano hoped to implicate them as agents of BYU, directly naming BYU renders their inclusion unnecessary. Recovery against the employer may proceed by "either naming the supervisory employees as agents of the employer or by naming the employer directly." Sauers, 1 F.3d at 1125 (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)).

Mr. Castellano names BYU as a Defendant, creating the same potential liability as naming Mr. Tueller and Mr. Elkins as agents of the institution. Thus, Mr. Castellano need not name Mr. Tueller or Mr. Elkins in their official capacities. Therefore, the undersigned RECOMMENDS dismissing Mr. Castellano's claims against Mr. Tueller and Mr. Elkins with prejudice. See Gee, 627 F.3d at 1186.

The UADA also precludes individual capacity suits against Mr. Tueller and Mr. Elkins. "[T]he UADA was modeled after Title VII of the Civil Rights Act of 1964," Gottling v. P.R. Inc., 2002 UT 95, ¶ 16, 61 P.3d 989, and "in interpreting the [UADA], the substantial body of federal case law interpreting Title VII is 'useful.'" Darvish v. Labor

6

Comm'n Appeals Bd., 2012 UT App 68, ¶ 23, 273 P.3d 953, 959 (quoting Viktron/Lika v. Labor Comm'n, 2001 UT App 394, ¶ 6, 38 P.3d 993).  Accordingly, without guiding law to the contrary, the UADA mirrors the prohibition against individual capacity suits found in Title VII.  See Sauers, 1 F.3d 1122, 1125 (finding individual capacity suits "inappropriate" under Title VII).  Furthermore, Mr. Castellano cannot sue Mr. Tueller and Mr. Elkins as agents of BYU under the UADA because the UADA excludes BYU from the definition of employer, as discussed above.  Hence, the undersigned RECOMMENDS dismissing Mr. Castellano's UADA claims against Mr. Tueller and Mr. Elkins with prejudice.  See Gee, 627 F.3d at 1186.

### C. Mr. Castellano's ADA Discrimination Claim Fails to Allege a Request for Accommodation Prior to Termination

Mr. Castellano's ADA discrimination claim against BYU fails to state a claim upon which the Court can grant relief.  Even proceeding pro se, Mr. Castellano must "'set forth plausible claims' animating the elements of [his] causes of action."  See Burnett v. Mort. Elec. Registration Sys., Inc., 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012)).  A court must engage in a context specific injury, utilizing "judicial experience and common sense," to determine whether a plaintiff's claims rise to the level of plausibility.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Hall, 935 F.2d at 1110.  Courts disregard legal allegations masquerading as facts.  Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  If a pro se party fails to allege sufficient facts to support a legal theory, courts will not fill in the factual gaps.  Smith,

7

561 F.3d at 1096 (citing Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." Khalik, 671 F.3d at 1192.  A prima facie case of disability discrimination includes the following elements: "[the plaintiff] (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1308 (10th Cir. 2017) (quoting E.E.O.C. v. C.R. Eng., Inc., 644 F.3d 1028, 1037–38 (10th Cir. 2011)).  Such discrimination can include failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an … employee." C.R. England, 644 F.3d at 1048 (quoting 42 U.S.C. § 12112(b)(5)(A)) (ellipses in original).

BYU and Mr. Tueller argue that Mr. Castellano's Amended Complaint makes clear that he never requested an accommodation prior to his termination, thus foreclosing the possibility of a successful ADA discrimination claim.  (Mot. 8–13, ECF No. 29.)  BYU and Mr. Tueller specifically argue that an employer can discipline an employee for misconduct "even where the disability caused or contributed to the misconduct, if the employee has not informed the employer about the disability and requested accommodation for it." (Id. at 9.)  Mr. Castellano argues that, despite their contention, BYU knew of his disability (Opp'n 1, ECF No. 30), because in or around

8

June 2012, BYU's Accessibility Office received a fax "from the Utah Department of Rehabilitation" where the treating doctor "recommended that BYU provide accommodations in academic and work settings, including having the text books read aloud or on tape and receiving additional time for assignments or tests that require reading." (Am. Compl. 2–3, ECF No. 26.) "[B]efore an employer's duty to provide reasonable accommodations—or even to participate in the 'interactive process'—is triggered under the ADA, the employee must make an adequate request, thereby putting the employer on notice." C.R. England, 644 F.3d at 1049. Therefore, although BYU may have known of his disability in 2012, Mr. Castellano must have requested an accommodation prior to filing out his job application in order to have an actionable claim under the ADA. See Dewitt, 845 F.3d at 1317. BYU must have known "of both the disability and [Mr. Castellano's] desire for accommodations for that disability." C.R. England, 644 F.3d at 1049 (quoting Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 313 (3d Cir. 1999)). Mr. Castellano does not assert that he requested an accommodation before completing his job application. Instead, in October 2014, Mr. Castellano alleges he requested BYU reconsider his termination in light of his disability. (See Am. Compl. 2, ECF No. 26.) Mr. Castellano requested retroactive leniency, and "[t]he ADAAA does not require employers to accommodate an employee's disability by overlooking past misconduct—irrespective of whether the misconduct resulted from the employee's disability." Dewitt, 845 F.3d at 1316. The Tenth Circuit has held that "an employer is not obliged to apply the brakes on an ongoing disciplinary process based on past performance deficiencies simply because an employee requests an accommodation." Id. at 1317–18. The Tenth Circuit's holding would certainly extend to a request for

9

retroactive leniency made after a completed disciplinary process.  Therefore, the undersigned RECOMMENDS dismissing Mr. Castellano's ADA discrimination claim with prejudice.  See Gee, 627 F.3d at 1195 (stating that after providing an opportunity to amend, a court may properly dismiss a claim with prejudice upon concluding that further chances to amend would prove "futile.)

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge dismiss Mr. Castellano's claims against BYU, David Tueller, and Scott Elkins with prejudice pursuant to Rule 12(b)(6).

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same.  The Court further notifies the parties that they must file an objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 16th day of August, 2018.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge